UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE ANTONIO WALKER,

           Plaintiff,

-against-

NEW YORK STATE POLICE, et al.,

           Defendants.

**ORDER**

25-CV-01133 (PMH)

PHILIP M. HALPERN, United States District Judge:

      Plaintiff commenced the instant action against defendants on February 7, 2025. (Doc. 1). On April 21, 2025, plaintiff requested the issuance of a summons as to defendant New York State Police. (Doc. 3). The Clerk of Court issued a summons on April 22, 2025. (Doc. 4). The Court issued an order directing Plaintiff to either file proof of service or show good cause for his failure to comply with Fed. R. Civ. P. 4(m) by May 16, 2025. (Doc. 5). Plaintiff belatedly responded and requested an extension of time to effectuate service. (Doc. 6). The Court granted the request for an additional thirty days to effectuate service on Defendants and extended the time to serve, *nunc pro tunc*, to June 18, 2025. (Doc. 7).

      On June 25, 2025, the Court issued an order directing Plaintiff to either file proof that service was effectuated by June 18, 2025, or show good cause for his failure to comply with Fed. R. Civ. P. 4(m) by July 2, 2025. (Doc. 8). On July 2, 2025, Plaintiff filed an affirmation annexing affidavits of service that he contends demonstrates that defendants were served on June 17, 2025. (Doc. 9). The first affidavit of service states that the defendant New York State Police was served by delivery to "'Deputy Mandili' as Agent. (a person of suitable age & discretion)" at an address in Wurtsboro, New York; and the second affidavit of service states that Plaintiff served the Office of the New York State Attorney General at an address in Poughkeepsie, New York. (*Id*.). There is no indication that Plaintiff has made any attempt at any time to serve the two individual defendants,

1

Jennifer L. Carroll and Trooper Pjetri—nor did he ever request summonses be issued as to those defendants.

Rule 4(j) governs service on a state, a municipal corporation, or any other state-created governmental organization that is subject to suit. A plaintiff must deliver a copy of the summons and complaint to its chief executive officer, or serve in the manner prescribed by that state's law. Fed. R. Civ. P. 4(j)(2). The relevant state law, CPLR § 307(2), provides that service must be effectuated by: (1) delivering the summons to such officer or to the chief executive officer of such agency or to a person designated by such chief executive officer to receive service, or (2) by mailing the summons by certified mail, return receipt requested, to such officer or to the chief executive officer of such agency, and by personal service upon the state in the manner provided by subdivision one of this section. Service by certified mail is not complete until the summons is received in a principal office of the agency. CPLR § 307(2).

The Office of the Attorney General has advised that Deputy Mandili is not the chief executive officer of the New York State Police and the Wurtsboro address in the affidavit of service is not a principal office of the agency. (Doc. 10). They further advise that they conferred with Plaintiff's counsel concerning the service deficiencies, and Plaintiff's counsel represented that she would remedy the defect the week of July 7, 2025. (*Id*.). Plaintiff did not request an extension of time from the Court within which to effectuate service. Nor has Plaintiff filed any other documents or otherwise communicated with the Court in any way to date.

Plaintiff has not complied with the Court's prior orders to prove service has been effectuated on defendants. (Docs. 5, 7, 8).

Accordingly, this case is dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) and 41.

The Clerk of Court is instructed to close this case.

SO ORDERED:

Dated: White Plains, New York
       July 28, 2025

_____
Philip M. Halpern
United States District Judge